# Third District Court of Appeal

## State of Florida

Opinion filed April 24, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-1830
Lower Tribunal No. 16-16648
_____

**James Rodriguez,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Victoria del Pino, Judge.

Carlos J. Martinez, Public Defender, and Jonathan Greenberg, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Kayla H. McNab, Assistant Attorney General, for appellee.

Before EMAS, C.J., and FERNANDEZ and LINDSEY, JJ.

PER CURIAM.

James Rodriguez appeals from a judgment and sentence following a jury trial in which he was found guilty of trafficking in cocaine. On appeal, Rodriguez asserts that the trial court committed reversible error in overruling his objections to certain statements made by the State in its rebuttal closing argument. A trial court's rulings on comments made during closing argument are generally reviewed for an abuse of discretion. Braddy v. State, 111 So. 3d 810 (Fla. 2012). However, if the trial court overruled the defense's contemporaneous objections, and we determine that the comments were indeed improper, we apply a harmless error standard of review. Snelgrove v. State, 921 So. 2d 560, 568 (Fla. 2005). This standard places "the burden on the state, as the beneficiary of the error, to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction." Ibar v. State, 938 So. 2d 451, 466 (Fla. 2006) (quoting State v. DiGuilio, 491 So. 2d 1129, 1135 (Fla. 1986)).

Upon our review of the record, including a review of the closing arguments made by the State and the defense, we conclude that most of the complained-of comments were not improper and were in fair reply to defense counsel's closing argument. See, e.g., Williams v. State, 225 So. 3d 349 (Fla. 3d DCA 2017). To the extent that any of the State's comments were improper and objections were erroneously overruled by the trial court, we conclude any such error was harmless.

Affirmed.